IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CIV-S-04-2391 WBS KJM PS |
| v. | ) | |
| EUGENE JOSEPH KOZIOL, | ) | FINDINGS AND RECOMMENDATIONS |
| Defendant. | ) | |

Plaintiff's motion for summary judgment came on regularly for hearing June 1, 2005. G. Patrick Jennings, trial attorney, Tax Division, United States Department of Justice, appeared for the United States. Defendant Eugene J. Koziol appeared representing himself. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of defendant and counsel and good cause appearing therefore, THE COURT FINDS AS FOLLOWS:

I. Background

In the course of his official IRS duties, Revenue Officer Robert May was assigned to recover money issued to Koziol after he made a false refund claim to the IRS. Officer May prepared and executed a jeopardy levy and was successful in recovering most of the money for the United States.

Defendant Koziol filed at least four UCC Financing Statements against Officer May and other IRS employees, including Daniel J. Mulhall, Donald H. Sutherland and Kathleen M. Pippig. The Financing Statements purport to attach a security interest to the real and personal property of the IRS

/////

1  employees. None of the IRS employees is acquainted personally with Koziol and none has had any
2  contact or relationship with him other than in his or her official capacity with the Internal Revenue
3  Service.
4      On November 9, 2004, the United States filed a complaint seeking a judgment that the
5  UCC Financing Statements filed by defendant Koziol against the IRS employees are null, void, and of no
6  legal effect, and seeking an order enjoining Koziol from making similar filings. Defendant was
7  personally served with process on December 13, 2004. Defendant filed an answer to the complaint and
8  filed numerous documents in this case. On April 15, 2005, the United States filed a motion for summary
9  judgment. The original motion date was continued to give the defendant additional time to oppose the
10 motion. Defendant appeared at the argument on June 1, 2005 and was given an opportunity to oppose the
11 motion.
12     This Court has jurisdiction over this action based on 28 U.S.C. § 1345 and 26 U.S.C.
13 § 7402.
14 II. Standards for a Motion for Summary Judgment
15     Federal Rule of Civil Procedure 56(c) states that judgment in favor of the moving party is
16 proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to
17 judgment as a matter of law." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)
18     The evidence of the party opposing summary judgment is to be believed, and all
19 reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of
20 the party opposing summary judgment. Id. at 255. Inferences will not be drawn out of the air, however;
21 it is the opposing party's obligation to produce a factual predicate from which an inference may be
22 drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd 810 F.2d
23 898 (9th Cir. 1987).
24     To survive a motion for summary judgment, the non-moving party "must do more than
25 simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co.
26 v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence produced by the non-moving party is
27 "merely colorable, or is not significantly probative," summary judgment is proper. Anderson, 477 U.S. at
28

249-50.

III.  Uncontroverted Facts

    1. In the course of his official IRS duties, Revenue Officer Robert May was assigned to recover money issued to Koziol after he made a false refund claim to the IRS.  Officer May prepared and executed a jeopardy levy and was successful in recovering most of the money for the United States. (May Declaration, ¶ 3).

    2. Eugene J. Koziol caused the following documents to be filed with the Secretary of State of the State of California:

| Date Filed | Document Title | Filed Against |
| --- | --- | --- |
| July 25, 2002 | UCC Financing Statement | Daniel J. Mulhall (as P. Mulhall) Territory Manager |
| July 25, 2002 | UCC Financing Statement | Robert N. May, Revenue Officer |
| July 25, 2002 | UCC Financing Statement | Donald H. Sutherland, Appeals Officer |
| July 25, 2002 | UCC Financing Statement | Kathleen M. Pippig, Senior Program Analyst |

(Jennings Decl., Exs. A, B, C & D).

    3. At all times pertinent to this action, Robert N. May, Daniel J. Mulhall, Donald H. Sutherland and Kathleen M. Pippig were officers or employees of the Internal Revenue Service (collectively, the "IRS employees").  (Declarations of May, Sutherland, Pippig and Mulhall, ¶ 1).

    4. None of the IRS employees is acquainted personally with Koziol and none has had any contact or relationship with him other than in his or her official capacity with the Internal Revenue Service.  None of the IRS employees has engaged in any contract or personal transaction with Koziol and none owes money to Koziol.  There is no legitimate reason for Koziol to impose a lien on the personal property of any of the IRS employees.  (Id., ¶¶ 2, 3, 4).

    5. The IRS employees are aware of the false Financing Statements that Koziol filed against them with the California Secretary of State.  They have represented to the court, under penalty of perjury, that the Financing Statements have caused them to experience distress and anxiety.  The IRS employees are concerned that Koziol's Financing Statements may have a negative impact on their

- 3 -

permanent credit record. The names of the IRS employees appear in the ChoicePoint commercial database as Koziol's debtors as a result of the filing of the Financing Statements. (Id., ¶¶ 4, 5).

IV. Analysis

Section 7402(a) of the Internal Revenue Code specifically grants district courts jurisdiction "to make and issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws ." 26 U.S.C. (I.R.C.) § 7402(a); see Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985). Courts are empowered "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." Ryan v. Bilby, 764 F.2d at 1327; see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985), cert. denied, 476 U. S. 1183 (1986); United States v. Ekblad, 732 F.2d 562, 563 (7th Cir. 1984); United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983); United States v. Van Dyke, 568 F. Supp. 820 (D. Or. 1983) (enjoining the filing of common-law liens to harass IRS employees and thereby deter enforcement of the tax laws).

Defendant has provided no evidence demonstrating that the UCC Financing Statements he filed against the IRS employees are based on legitimate debt or law, or controverting the facts set forth above.[1] Rather, defendant has provided documents that appear to have been created by defendant, none of which were adjudicated in a court of law. It appears defendant believes that a debt arose as a result of the failure of the IRS employees to respond when defendant mailed documents to them. However, the courts do not recognize the legality of such a "lien." United States v. Andra, 923 F. Supp. 157, 159-60 (D. Idaho 1996). Defendant has not provided any evidence of a contractual or other legal relationship with any IRS employee to establish the validity of the UCC Financing Statements defendant filed.

After carefully reviewing the record, the undersigned finds that the UCC Financing Statements filed by defendant are frivolous devices with the effect of harassing government employees. Thus, the Financing Statements are non-consensual, non-judicial, and non-statutory liens that should be

---

[1] While defendant has submitted a notarized "affidavit," the affidavit is not made under penalty of perjury. The government's objection to the affidavit on this ground, made at oral argument, is sustained. Cf. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995). Even if defendant's affidavit were submitted under the penalty of perjury, it does not contain specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

declared null and void. Because there are no genuine issues of material fact in dispute, plaintiff's motion for summary judgment should be granted. The "liens" placed by defendant on the IRS employees' property have no basis in law or fact; 26 U.S.C. § 7402(a) allows the court to nullify such liens from public records.

V.  Injunction

Plaintiff also seeks to enjoin defendant from filing any document or instrument that purports to create a non-consensual lien or encumbrance of any kind against any employee of the federal government. Injunctive relief "is available to a party who demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable harm;  or (2) that serious questions are raised and the balance of hardships tips in its favor." Sammartano v. First Judicial District Court, in and for County of Carson City, 303 F.3d 959, 965 (9th Cir. 2002).

Plaintiff has demonstrated success on the merits as noted above. The actions of the defendant, in filing the UCC Financing Statements, impose irreparable harm upon the employees of the federal government with whom the defendant quarrels. These false liens potentially cloud title to property and damage credit ratings as well. This harassment may tend to deter the IRS employees from performing their tax collection functions, and, at a minimum, wastes time that could be spent on proper official duties. The false liens "threaten substantial interference with the administration and enforcement of the internal revenue laws." United States v. Hart, 545 F. Supp. 470, 473 (D.N.D. 1982), aff'd, 701 F.2d 749 (8th Cir. 1983).

The IRS employees and the United States will suffer harm if an injunction is not granted. Because the UCC Financing Statements have no factual or legal basis and thus are of no legal effect, defendant will not be injured by an injunction that bars him from filing similar non-consensual or non-statutory liens in the future. See In re Martin-Trigona, 763 F.2d 140, 141-42 (2d Cir. 1985), cert. denied, 474 U.S. 1061 (1986). Thus the balance of hardships tips in plaintiff's favor.

This Court further finds that the public interest will be served by an injunction forbidding acts constituting harassment by defendant in the future, and such an injunction should issue. Section 7402(a) of the Internal Revenue Code authorizes this court to enter injunctions that are necessary or

appropriate for the enforcement of the internal revenue laws.  <u>See</u> <u>United States v. Hart</u>, 545 F. Supp. at 473.  In this case, an injunction will not suppress protected political expression, but rather protect against harassment of federal employees in their personal lives.

    Based on the foregoing IT IS HEREBY RECOMMENDED THAT:

    1. Plaintiff's motion for summary judgment filed April 15, 2005, be granted and judgment for plaintiff be entered on all claims.

    2. Any UCC Financing Statement filed by defendant that purports to create a lien or any other non-consensual or non-statutory encumbrance against the person or property of any IRS employee or any other person who authorized or performed any act in connection with the investigation, assessment, collection, or adjudication of defendant's tax liabilities or tax disputes be declared null and void <u>ab</u> <u>initio</u> and declared to have no force and effect.  Specific filings that meet this criteria may be nullified by order of this Court obtained on an ex parte application.

    3. An order to the effect set forth herein be filed and recorded by the United States with the California Secretary of State, any county clerk's office, assessor's office, or other public registry where such liens have been or will be filed by defendant.

    4. Regardless of nomenclature, caption, title, or terms used to describe the document, plaintiff Eugene J. Koziol shall be permanently enjoined from filing, or attempting to file, any document or instrument that purports to create a lien or any other non-consensual or non-statutory encumbrance against the person or property of any IRS employee or any other person who authorized or performed any act in connection with the investigation, assessment, collection, or adjudication of defendant's tax liabilities or tax disputes.

    5. This permanent injunction shall not prevent defendant from applying to any state or federal court of competent jurisdiction in order to obtain relief on any non-frivolous legal claim, and shall not apply to or prohibit liens lawfully created by any judgment of a court of competent jurisdiction.

    6. Defendant be notified that a failure to comply with this injunction may subject him to sanctions for contempt of court.

    7. An order be entered specifically declaring and adjudging that the UCC Financing

1  Statements filed against Robert N. May, Daniel J. Mulhall, Donald H. Sutherland and Kathleen M. Pippig
2  are null, void and of no legal effect.

3        8. Defendant's January 4, 2005, motion to dismiss (docket no. 9); March 28, 2005,
4  request for evidentiary hearing (docket no. 19); and April 22, 2005, motion to dismiss (docket no. 25), be
5  denied.

6        These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being
8  served with these findings and recommendations, any party may filed written objections with the court
9  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days
11 after service of the objections.  The parties are advised that failure to file objections within the specified
12 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
13 1991).

14 DATED: June 16, 2005.

_____
UNITED STATES MAGISTRATE JUDGE